19-2716-cv
Zoll v. Northwell Health, Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 29th day of June, two thousand twenty.

Present:     ROSEMARY S. POOLER,
             REENA RAGGI,
             RAYMOND J. LOHIER, JR.,
                       *Circuit Judges*.
_____

KRISTIN ZOLL,

                       *Plaintiff-Appellant*,

             v.                                               19-2716

NORTHWELL HEALTH, INC.,

                       *Defendant-Appellee*.
_____

For Appellant:          Robert L. Levy, Lee F. Bantle, Bantle & Levy LLP, New York, N.Y.

For Appellee:           Jeffrey A. Meyer, Christopher G. Gegwich, Christopher J. Moro, Nixon Peabody LLP, Jericho, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Azrack, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiff-Appellant Kristin Zoll appeals from the August 8, 2019 judgment of the United States District Court for the Eastern District of New York (Azrack, *J.*) dismissing her employment discrimination claims and granting summary judgment to Zoll's former employer, Defendant-Appellee Northwell Health, Inc. ("Northwell Health"). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review de novo a district court's grant of summary judgment. *Jova v. Smith*, 582 F.3d 410, 414 (2d Cir. 2009). A movant is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Title VII prohibits employers from "discriminat[ing] against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). New York law similarly bars employers from hiring or firing an individual, "or . . . discriminat[ing] against such individual in compensation or in terms, conditions or privileges of employment," because of the individual's race. N.Y. Exec. Law § 296(1)(a). Discrimination claims brought under Title VII and New York State Human Rights Law are governed at the summary judgment stage by the burden-shifting analysis set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973). *See Tolbert v. Smith*, 790 F.3d 427, 434 (2d Cir. 2015). Under this framework, the plaintiff must first establish a prima facie case of discrimination by showing that she (1) is a member of a protected class, (2) was qualified for the position held, (3) suffered an adverse employment action, and that (4) this adverse action took place under circumstances giving rise to an inference of discrimination. *Ruiz v. County of Rockland*, 609 F.3d 486, 491-92 (2d Cir. 2010). After a plaintiff establishes a prima facie case of discrimination, "the burden then shifts to the defendant to offer a legitimate nondiscriminatory reason for the termination. If the defendant does so, the burden returns to the plaintiff to show that the real reason for plaintiff's termination" was discrimination. *Id*. at 492 (internal citation omitted). "[T]he final burden rests on the plaintiff to prove not only that the proffered nondiscriminatory reason was pretextual but also that the defendant discriminated against the plaintiff." *Slattery v. Swiss Reinsurance Am. Corp.*, 248 F.3d 87, 91 (2d Cir. 2001). Accordingly, we have explained that "[o]nce a plaintiff has made a showing that the defendant's asserted reason for the employment action was false," courts must take "a case-by-case approach, with a court examining the entire record to determine whether the plaintiff could satisfy his ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff." *Abdu-Brisson v. Delta Air Lines, Inc.*, 239 F.3d 456, 469-70 (2d Cir. 2001) (internal quotation marks and citation omitted).

Zoll alleges that she suffered two adverse actions on the basis of her race: the extension of her probationary employment assessment period and the termination of her employment. On appeal, Zoll contends that the district court erred in holding that Zoll failed to establish that her race was a motivating factor in Northwell Health's termination of her employment, arguing primarily that (1) the district court ignored evidence that Northwell Health's proffered reasons for her termination were pretextual, and (2) a reasonable juror could find that a preponderance of

2

the evidence established Northwell Health's discriminatory intent in terminating Zoll's employment. Zoll also contends that the district court erred in concluding that the extension of Zoll's probationary assessment period was not an adverse action, and even if it were, the action did not give rise to an inference of discrimination.

For substantially the same reasons as those set out in the district court's thorough and well-reasoned opinions, we conclude that the district court correctly granted summary judgment to Northwell Health. Turning first to the claims stemming from her termination, Zoll offers no basis in the record to disturb the district court's conclusion that Northwell Health relied on the letter (the "Complaint Letter") of a patient's family member reporting unprofessional conduct by a staff member at the Freeport Center in deciding to terminate Zoll's employment. In light of the ample evidence that employees of Northwell Health took the Complaint Letter's allegations seriously and reasonably attributed the misconduct described therein to Zoll, we conclude that Zoll did not carry her burden to show that a rational factfinder would conclude that the Complaint Letter was a pretextual justification for her termination.

We further agree with the district court that, even if a reasonable jury might conclude that Zoll's failure to schedule outreach presentations was a pretextual justification for her termination, Zoll failed to meet her "ultimate burden of persuading the trier of fact" that Northwell Health intentionally discriminated against her because she is white. *Abdu-Brisson*, 239 F.3d at 470 (internal quotation marks omitted). Zoll herself conceded at her deposition that she never heard any employee at Northwell Health make comments about her race. While "employment discrimination plaintiffs are entitled to rely on circumstantial evidence" of discrimination, *Holcomb v. Iona Coll.*, 521 F.3d 130, 141 (2d Cir. 2008), we agree with the district court that the circumstantial evidence Zoll relies on falls short of what Zoll must show to meet her burden of persuasion. Although Zoll alleges anti-white discrimination, much of the evidence she cites is conclusory or inadmissible. Further, the record indicates that a white employee replaced Zoll for the first six months following her termination, and Evgenia Mayvoldov and Patricia DeFlorio—both white employees whom Zoll contends left Northwell Health's Transplant Center because of racial discrimination—did not support Zoll's claim of such discrimination. In fact, Mayvoldov expressly stated that she had not seen any discrimination at the Transplant Center.

Lastly, as to the extension of Zoll's probationary assessment period, in the light of the absence of meaningful evidence of discriminatory intent, we agree with the district court that the preponderance of the evidence did not establish that the three-week extension over the 2014 holiday season was motivated by discrimination. Accordingly, we need not determine whether the district court erred in concluding that this extension of Zoll's probationary employment did not constitute an adverse employment action.

We have considered the remainder of Zoll's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk